HOFFMAN, Judge,
dissenting.
I respectfully dissent.
I can agree to extending the rule to allow a person’s reputation in the workplace to be admitted. However, I do not find that the refusal in this case is reversible error. The workplace here in question is a considerable distance from the community where Carol lives. It-is in a different town and a different county. Here, we are dealing with the best interests of the children who are being cared for and raised in a residential community far removed from the workplace community. Such evidence has little, if any, relevancy to the suitability of a custodial parent. As to Carol’s credibility, she testified that in the past she had been dishonest with her husband. Evidence of untruthfulness in the workplace would be merely cumulative.
This trial was before an experienced judge who personally saw and listened to the witnesses, including Carol and Brian. The trial judge heard testimony by 16 witnesses in person, two by deposition, and the parties for a total of 20 witnesses. Testimony spanned over 800 pages of the transcript. This testimony went to the custody issue since there was little, if any, dispute as to the property or its division. After hearing all the testimony and examining the numerous exhibits, one person’s opinion as to Carol’s reputation in the workplace would have little, if any, effect on the trial judge. It cannot be said that the cumulative evidence of untruthfulness would have altered the decision.
The majority’s emphasis on one paragraph of the trial judge’s finding as to custody ignores the three preceding paragraphs which also state reasons for the decision. Moreover, as to the paragraph relied upon by the majority, the fact is that an altercation *1321 did take place and Carol was shoved out of the door. This is admitted by Brian. The dispute is as to the severity of the altercation. The trial judge was in the best position to determine the severity.
The refusal to allow testimony as to reputation in the workplace was harmless error, if an error at all.
I would affirm the trial court.